

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JURIAN WASHINGTON, Individually and as
~~Administrator of the Estate of~~
JAMES WASHINGTON, JR., deceased,

      Plaintiff,

v.

DAVIS EXPRESS, INC.; DIXIELAND
LOGISTICS, INC.; DOUGHLOSS
EDWARDS; AMOS JACKSON, JR.;
SPARTA INSURANCE COMPANY; and
GREAT WEST CASUALTY CO.,

      Defendants.

Civil Action File
No._____

JURY TRIAL DEMANDED

**COMPLAINT**

COMES NOW, JURIAN WASHINGTON, Individually and as the Administrator of the

Estate of JAMES WASHINGTON, JR., by and through his counsel of record, and files his

Complaint against the above-referenced Defendants, showing the Court the following:

1.

This is an action for personal injuries to and wrongful death of JAMES WASHINGTON,

JR., who was catastrophically injured on June 25, 2010 and died on July 4, 2011, as a result of the

negligent conduct of DAVIS EXPRESS, INC., its employee DOUGHLOSS EDWARDS,

DIXIELAND LOGISTICS, INC., its employee AMOS JACKSON, JR.; SPARTA INSURANCE

COMPANY, the insurer of DAVIS EXPRESS, INC.; and GREAT WEST CASUALTY CO., the

insurer of DIXIELAND LOGISTICS, INC. (hereinafter collectively referred to as "Defendants").

PARTIES, JURISDICTION, AND VENUE

2.



Plaintiff JURIAN WASHINGTON (hereinafter "Plaintiff" or "Plaintiff JURIAN WASHINGTON") is a citizen of the State of Georgia and subject to the jurisdiction of this Court.

3.

Plaintiff JURIAN WASHINGTON is the son of JAMES WASHINGTON, JR. ("Mr. Washington" or "JAMES WASHINGTON, JR."), a deceased adult. JAMES WASHINGTON, JR. did not leave a surviving spouse. As such, Plaintiff is the proper party to bring this action for the wrongful death of JAMES WASHINGTON, JR. pursuant to O.C.G.A. § 51-4-2 and seeks damages for the full value of the life of JAMES WASHINGTON, JR.

4.

Plaintiff JURIAN WASHINGTON is also the Administrator of the Estate of JAMES WASHINGTON, JR. As such, Plaintiff is the proper party to bring this action for all damages recoverable by the Estate of JAMES WASHINGTON, JR. including but not limited to: conscious pain and suffering; medical, funeral and burial expenses; and punitive damages.

5.

Defendant DAVIS EXPRESS, INC. (hereinafter "Defendant DAVIS EXPRESS") is a Company organized and existing under the laws of the State of Florida, with its principal place of business in Florida. At all times relevant hereto, Defendant DAVIS EXPRESS was operating as a "For Hire" motor carrier as defined by the laws of the State of Georgia and the Federal Motor Carrier Safety ReguAltions. Defendant DAVIS EXPRESS may be served with summons and process as provided by law by serving its Registered Agent James A. Davis, Jr. at 7630 SW CR 18, Hampton, Florida, 32044. Defendant Davis Express may also be served by serving its BOC-3 agent for service, Christopher Meacham, at 5704 Veterans Parkway, Columbus, Georgia 31904. Defendant DAVIS EXPRESS is subject to the jurisdiction of this Court.

6.

Defendant DOUGHLOSS EDWARDS (hereinafter "Defendant EDWARDS") is a resident of Florida. On June 25, 2010, the date of collision at issue, Defendant EDWARDS was an employee or agent of Defendant DAVIS EXPRESS. Defendant EDWARDS can be served with summons and process as provided by law at his residence, 2501 Doby Street, Jacksonville, Florida, 32209-2949. Defendant EDWARDS is subject to the jurisdiction of this Court.

7.

Defendant DIXIELAND LOGISTICS, INC. (hereinafter "Defendant DIXIELAND") is a Company organized and existing under the laws of the State of Alabama, with its principal place of business in Decatur, Alabama. At all times relevant hereto, Defendant DIXIELAND was operating as a "For Hire" motor carrier as defined under the laws of the State of Georgia and the Federal Motor Carrier Safety Regulations. Defendant DIXIELAND may be served with summons and process as provided by law by serving its Registered Agent Robert Hall at 1506 14th Avenue SW, Decatur, Alabama, 35601-5402. Defendant DIXIELAND may also be served by serving its BOC-3 agent for service, Joyce F. Glucksman, P.C., Park Central, 2970 Clairmaont Road, Suite 950, Atlanta, GA 30329. Defendant DIXIELAND is subject to the jurisdiction of this Court.

8.

Defendant AMOS JACKSON, JR. (hereinafter "Defendant JACKSON") is a resident of Alabama. On June 25, 2010, the date of the tort at hand, Defendant JACKSON was an employee or agent of Defendant DIXIELAND. Defendant JACKSON can be served with summons and process as provided by law at his residence, 220 Cansler Avenue, Gadsden, Alabama, 35904-2505. Defendant JACKSON is subject to the jurisdiction of this Court.

9.

Defendant SPARTA INSURANCE COMPANY (hereinafter "Defendant SPARTA") is a Company organized and existing under the laws of the State of Iowa, with its principal place of business in Dubuque, IA, and is authorized to transact business in the State of Georgia. Defendant SPARTA may be served with summons and process as provided by law by serving its Registered Agent, John E. Butler, at 800 Main Street, Dubuque, IA 52001-6822. Defendant SPARTA is subject to the jurisdiction of this Court.

10.

Defendant GREAT WEST CASUALTY COMPANY (hereinafter "Defendant GREAT WEST") is a Company organized and existing under the laws of the State of Nebraska, with its principal place of business in South Sioux City, NE, and is authorized to transact business in the State of Georgia. Defendant GREAT WEST may be served with summons and process as provided by law by serving its Registered Agent, Ralph L. Axselle, Jr., at 1220 Bank Street, Richmond VA 23219-3645. Defendant GREAT WEST is subject to the jurisdiction of this Court.

### Facts

11.

On Friday, June 25, 2010, JAMES WASHINGTON, JR. was driving his beige 1995 Cadillac Deville east on I-285 in DeKalb County, Georgia. Just before 3:50 pm, he experienced car trouble and began to move toward the emergency lane (shoulder).

12.

The weather was clear and there were no obstructions blocking the vision of motorists approaching Mr. Washington's vehicle from the west.

13.

Defendant EDWARDS was operating a 2009 Kenworth Tractor-Trailer eastbound on I-285 approaching Mr. Washington's vehicle from the west.

14.

Defendant EDWARDS slammed his tractor into Mr. Washington's vehicle. The force of the impact caused the Cadillac to spin toward the right shoulder and smash into the guardrail of the emergency lane. Mr. Washington was seriously injured and trapped inside his automobile.

15.

Larry N. Westmoreland, a DeKalb County Police Officer, responded to the scene at approximately 4:08 P.M. He positioned his 2005 Ford Crown Victoria in the far right hand lane about 20 feet behind Mr. Washington's Cadillac with his emergency lights activated. Shortly thereafter, Officer Westmoreland's patrol vehicle was struck by a 2007 Freightliner Tractor-Trailer operated by Defendant JACKSON. The impact of the collision pushed the patrol car into the driver's side of Mr. Washington's Cadillac.

16.

Mr. Washington was finally extricated from his vehicle by DeKalb Fire & Rescue at 4:45 P.M., nearly a full hour after he was first entrapped. He was unconscious and barely breathing. DeKalb Fire & Rescue rushed him to Grady Memorial Hospital, where he underwent emergency surgery for severe closed head trauma and numerous lacerations. At some point following the accident, Mr. Washington had slipped into a coma. Despite surgery, he remained comatose for 374 days, until his death on July 4, 2011.

## COUNT ONE – NEGLIGENCE OF DEFENDANT EDWARDS

17.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of

the above paragraphs.

18.

Defendant EDWARDS, as the driver of a commercial motor vehicle, owed a duty to operate his tractor-trailer in a safe and reasonable manner; to maintain a proper lookout; to pay attention at all times to avoid driver distraction; to properly control his vehicle; to take proper evasive action when necessary; and to exercise a higher general standard of care and skill than the average automobile driver.

19.

Defendant EDWARDS breached the above-referenced duties and was therefore negligent.

20.

Defendant EDWARDS violated state statutes and regulations, including but not limited to O.C.G.A. § 40-8-7, which constitutes negligence *per se* under Georgia law.

21.

Defendant EDWARDS' negligence was a direct and proximate cause of the injuries sustained by JAMES WASHINGTON, JR., which resulted in protracted suffering and death.

22.

By virtue of his negligence, Defendant EDWARDS is liable to Plaintiff JURIAN WASHINGTON for the full value of the life of JAMES WASHINGTON, JR.

23.

By virtue of his negligence, Defendant EDWARDS is also liable to JURIAN WASHINGTON, as Administrator of the Estate of JAMES WASHINGTON, JR., for all damages recoverable by the Estate and for all other damages recoverable under the law.

## COUNT TWO – NEGLIGENCE OF DEFENDANT JACKSON

24.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

25.

Defendant JACKSON, as the driver of a commercial motor vehicle, owed a duty to operate his tractor-trailer in a safe and reasonable manner; to maintain a proper lookout; to pay attention at all times to avoid driver distraction; to properly control his vehicle; to take proper evasive action when necessary; to follow all traffic laws; and to exercise a higher general standard of care and skill than the average automobile driver.

26.

Defendant JACKSON breached the above-referenced duties and was therefore negligent.

27.

Defendant JACKSON violated state statutes and regulations, including but not limited to O.C.G.A. § 40-8-7, which constitutes negligence *per se* under Georgia law.

28.

Defendant JACKSON'S negligence was a direct and proximate cause of the injuries sustained by JAMES WASHINGTON, JR., which resulted in protracted suffering and death.

29.

By virtue of his negligence, Defendant JACKSON is liable to Plaintiff JURIAN WASHINGTON for the full value of the life of JAMES WASHINGTON, JR.

30.

By virtue of his negligence, Defendant JACKSON is also liable to JURIAN WASHINGTON, as Administrator of the Estate of JAMES WASHINGTON, JR., for all damages recoverable by the Estate and for all other damages recoverable under the law.

## COUNT THREE – NEGLIGENCE OF DAVIS EXPRESS

31.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

32.

At all times relevant to this action, Defendant EDWARDS was an employee and/or agent of Defendant DAVIS EXPRESS, driving a commercial motor vehicle under the authority of Defendant DAVIS EXPRESS.

33.

At all times relevant to this action, Defendant EDWARDS was acting within the course and scope of his employment/agency with Defendant DAVIS EXPRESS.

34.

Under principles of *respondeat superior*, actual or apparent agency, and/or lease liability, Defendant DAVIS EXPRESS is vicariously liable for the negligent acts or omissions of Defendant EDWARDS which proximately led to the catastrophic injuries and death of JAMES WASHINGTON, JR.

35.

Defendant DAVIS EXPRESS is also _independently_ negligent in its hiring, training, supervising, and managing of Defendant EDWARDS; in negligently entrusting Defendant EDWARDS to drive a commercial motor vehicle; in failing to adhere to all state laws and federal regulations governing trucking companies; and in failing to ensure that Defendant EDWARDS adhered to such laws and regulations.

36.

Defendant DAVIS EXPRESS is liable to Plaintiff JURIAN WASHINGTON for the full value of the life of JAMES WASHINGTON, JR.

37.

Defendant DAVIS EXPRESS is also liable to JURIAN WASHINGTON, as Administrator of the Estate of JAMES WASHINGTON, JR., for all damages recoverable by the Estate and for all other damages recoverable under the law.

### COUNT FOUR – NEGLIGENCE OF DIXIELAND

38.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

39.

At all times relevant to this action, Defendant JACKSON was an employee and/or agent of Defendant DIXIELAND, driving a commercial motor vehicle under the authority of Defendant DIXIELAND.

40.

At all times relevant to this action, Defendant JACKSON was acting within the course and scope of his employment/agency with Defendant DIXIELAND.

41.

Under principles of *respondeat superior*, actual or apparent agency, and/or lease liability, Defendant DIXIELAND is vicariously liable for the negligent acts or omissions of Defendant JACKSON which proximately led to the catastrophic injuries and death of JAMES WASHINGTON, JR.

42.

Defendant DIXIELAND is also independently negligent in its hiring, training, supervising, and managing Defendant of JACKSON; in negligently entrusting Defendant JACKSON to drive a commercial motor vehicle; in failing to adhere to all state laws and federal regulations governing trucking companies; and in failing to ensure that Defendant JACKSON adhered to such laws and regulations.

43.

Defendant DIXIELAND is liable to Plaintiff JURIAN WASHINGTON for the full value of the life of JAMES WASHINGTON, JR.

44.

Defendant DIXIELAND is also liable to JURIAN WASHINGTON, as Administrator of the Estate of JAMES WASHINGTON, JR., for all damages recoverable by the Estate and for all other damages recoverable under the law.

## COUNT FIVE – DIRECT ACTION AGAINST DEFENDANT SPARTA

45.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for

Damages as if each were set forth in their entirety.

46.

Pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1, and other applicable Georgia law, Defendant SPARTA is subject to a direct action as the insurer for Defendant DAVIS EXPRESS, INC.

47.

Defendant SPARTA was the primary insurer of Defendant DAVIS EXPRESS, INC. at the time of the collision described in this Complaint and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

48.

Defendant SPARTA is subject to the filing requirements outlined in pursuant to O.C.G.A. §§ 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

49.

All elements necessary to sue Defendant SPARTA under the Georgia direct action laws are met in this case.

50.

Defendant SPARTA is responsible for any judgment rendered against Defendant DAVIS EXPRESS and Defendant EDWARDS.

## COUNT SIX – DIRECT ACTION AGAINST DEFENDANT GREAT WEST

51.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint for Damages as if each were set forth in their entirety.

52.

Pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1, and other applicable Georgia law, Defendant GREAT WEST is subject to a direct action as the insurer for Defendant DIXIELAND.

53.

Defendant GREAT WEST was the primary insurer of Defendant DIXIELAND at the time of the collision described in this Complaint and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

54.

Defendant GREAT WEST is subject to the filing requirements outlined in pursuant to O.C.G.A. §§ 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

55.

All elements necessary to sue Defendant GREAT WEST under the Georgia direct action laws are met in this case.

56.

Defendant GREAT WEST is responsible for any judgment rendered against Defendant DIXIELAND and Defendant JACKSON.

## COUNT SEVEN – PUNITIVE DAMAGES

57.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

58.

The acts of each Defendant show a reckless disregard for the safety of others, malice, or that entire want of care that would raise the presumption of conscious indifference to consequences which warrants the imposition of punitive damages under Georgia law.

59.

Accordingly, each Defendant is liable to Plaintiff for punitive damages to punish, penalize and deter Defendants from similar conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff JURIAN WASHINGTON prays that this Court award the following relief against Defendants:

(a)    That process be issued and service be had upon Defendants as provided by law;

(b)    That judgment be entered against each Defendant in favor of Plaintiff JURIAN WASHINGTON, for the full value of the life of JAMES WASHINGTON, JR.;

(c)    That judgment be entered against each Defendant in favor of Plaintiff JURIAN WASHINGTON, as Administrator of the Estate of JAMES WASHINGTON, JR., for compensation for JAMES WASHINGTON'S conscious pain and suffering, funeral, burial and other necessary expenses incurred;

(d)    That judgment be entered against each Defendant in favor of Plaintiff JURIAN WASHINGTON in an amount determined to be fair and reasonable by the trier of fact;

(e)    That judgment be entered against each Defendant for punitive damages pursuant to O.C.G.A. § 51-12-5.1;

(f)    For a jury trial as to all issues so triable;

- 13 -

(g)     For all costs of this action; and

(h)     For such other and further relief as the Court may deem just and proper.

Dated June 25, 2012.

FRIED ROGERS GOLDBERG LLC

JOSEPH AARON FRIED
GEORGIA STATE BAR NUMBER 277251

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE:     404-591-1800
FACSIMILE:     404-591-1801
E-MAIL:     JOE@FRG-LAW.COM

THE LAW OFFICE OF DONALD P. EDWARDS
DONALD PHILLIP EDWARDS
GEORGIA STATE BAR NUMBER 240575

170 MITCHELL STREET, S.W.
ATLANTA, GEORGIA 30303-3424
TELEPHONE:     404-536-8866
FACSIMILE:     404-526-8855
E-MAIL:     DEDWARDS@ALTLAW.COM

*ATTORNEYS FOR PLAINTIFF*

No. *12A42924-7*

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

Date Summons Issued and Filed
*6-13-2012*

*McB Day*

Deputy Clerk

Deposit Paid $ *217.50*

**SUMMONS**

JURIAN WASHINGTON, Individually and as
Administrator of the Estate of
JAMES WASHINGTON, JR., deceased,

(Plaintiff's name and address)

☑ **ANSWER**

☑ **JURY**    **JURY**

① DAVIS EXPRESS, INC.; ② DIXIELAND
LOGISTICS, INC.; ③ DOUGHLOSS
EDWARDS; ④ AMOS JACKSON, JR.;
⑤ SPARTA INSURANCE COMPANY; and
⑥ GREAT WEST CASUALTY CO.,

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower,
DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to
wit:

JOSEPH AARON FRIED        TWO ALLIANCE CENTER
GEORGIA STATE BAR NUMBER 277251    3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    JOE@FRG-LAW.COM

(Phone Number) *404 591-1800*

*#277251*

(Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of
this action.)

*$2,4,6*

*Mark Barber*

Defendant's Attorney *Monarch Plaza Ste 1600*

*3414 Peachtree Rd NE*

*Atlanta Ga 30326*

Address

*4-577-6000    036875*

Phone No.                Georgia Bar No.

*$1,3,5*

*Raymond Kurey*

Third Party Attorney
*DET*

*200 S. Main St.*

*Alpharetta Ga 30009*

Address

*678-824-7800    430472*

Phone No.                Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ☐ Personal Injury
☐ Contract        ☐ Medical Malpractice
☐ Note        ☐ Legal Malpractice
☐ Trover        ☐ Product Liability
☐ Other

☐ Transferred From _____

Principal    $ _____

Interest    $ _____

Atty Fees    $ _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JURIAN WASHINGTON, Individually and as
Administrator of the Estate of
JAMES WASHINGTON, JR., deceased,

      Plaintiff,

v.

DAVIS EXPRESS, INC.; DIXIELAND
LOGISTICS, INC.; DOUGHLOSS
EDWARDS; AMOS JACKSON, JR.;
SPARTA INSURANCE COMPANY; and
GREAT WEST CASUALTY CO.,

      Defendants.

Civil Action File
No. *12A42974-7*

JURY TRIAL DEMANDED

## ORDER

Upon Motion of the Plaintiffs to appoint Hollis Hill as a person authorized to obtain service of process on Defendant, DIXIELAND LOGISTICS, INC., this Court for good cause shown, hereby grants said Motion and appoints as a person authorized to obtain service upon said Defendant.

SO ORDERED this 27 day of June, 2012.

_____
Judge, State Court of DeKalb County

STATE COURT OF
DEKALB COUNTY, GA

2012 JUN 28  PM 1:00

FILED

2012 JUN 25  PM 4:54

CC Joseph Fried