IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JURIAN WASHINGTON, individually and as
Administrator of the Estate of
JAMES WASHINGTON, JR., deceased,

    Plaintiff,

v.

DAVIS EXPRESS, INC.; DIXIELAND
LOGISTICS, INC.; DOUGHLOSS
EDWARDS; AMOS JACKSON, JR.;
SPARTA INSURANCE COMPANY; and
GREAT WEST CASUALTY CO.

    Defendants.

CIVIL ACTION
FILE NO.: 12A42974-7

## ANSWER OF DEFENDANTS DAVIS EXPRESS, INC., DOUGHLOSS EDWARDS AND SPARTA INSURANCE COMPANY

COME NOW Defendants DAVIS EXPRESS, INC., DOUGHLOSS EDWARDS AND SPARTA INSURANCE COMPANY, by and through their undersigned attorney, and for answer to Plaintiff's Complaint show the Court as follows:

### FIRST DEFENSE

Sparta Insurance Company is an improper party to this action; therefore, Sparta Insurance Company should be dismissed.

### SECOND DEFENSE

Negligence attributable to the Plaintiff was greater than or equal to any negligence attributable to these Defendants, which negligence these Defendants specifically deny, and, on account thereof, the Plaintiff is barred from any recovery against these Defendants whatsoever.



## THIRD DEFENSE

Without waiving the above-enumerated defenses, these Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

The allegations of paragraph 1 of Plaintiff's Complaint are denied.

2.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiff's Complaint, but demand strict proof thereof.

3.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiff's Complaint, but demand strict proof thereof.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint, but demand strict proof thereof.

5.

The allegations of paragraph 5 of Plaintiff's Complaint are admitted.

6.

The allegations of paragraph 6 of Plaintiff's Complaint are admitted.

7.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of Plaintiff's Complaint, but demand strict proof thereof.

8.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of Plaintiff's Complaint, but demand strict proof thereof.

9.

The allegations of paragraph 9 of Plaintiff's Complaint are admitted.

10.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of Plaintiff's Complaint, but demand strict proof thereof.

11.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint, but demand strict proof thereof.

12.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Plaintiff's Complaint, but demand strict proof thereof.

13.

The allegations of paragraph 13 of Plaintiff's Complaint are admitted.

14.

For answer to paragraph 14 of Plaintiff's Complaint, these Defendants admit that the tractor driven by Defendant Edwards made contact with the Cadillac, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiff's Complaint, but demand strict proof thereof.

15.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint, but demand strict proof thereof.

16.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint, but demand strict proof thereof.

17.

These Defendants incorporate, reassert and reallege their responses to paragraphs 1 through 16 as is fully set forth herein.

18.

For answer to paragraph 18 of Plaintiff's Complaint, these Defendants admit that Defendant Edwards had a duty to comply with all applicable laws, but the remaining allegations of paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations of paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations of paragraph 20 of Plaintiff's Complaint are denied.

21.

The allegations of paragraph 21 of Plaintiff's Complaint are denied.

22.

The allegations of paragraph 22 of Plaintiff's Complaint are denied.

23.

The allegations of paragraph 23 of Plaintiff's Complaint are denied.

24.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 23 as if fully set forth herein.

25.

For answer to paragraph 25 of Plaintiff's Complaint, these Defendants admit that Defendant Jackson had a duty to comply with all applicable laws, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of Plaintiff's Complaint, but demand strict proof thereof.

26.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of Plaintiff's Complaint, but demand strict proof thereof.

27.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of Plaintiff's Complaint, but demand strict proof thereof.

28.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of Plaintiff's Complaint, but demand strict proof thereof.

29.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of Plaintiff's Complaint, but demand strict proof thereof.

30.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of Plaintiff's Complaint, but demand strict proof thereof.

31.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 30 as if fully set forth herein

32.

The allegations of paragraph 32 of Plaintiff's Complaint are admitted.

33.

The allegations of paragraph 33 of Plaintiff's Complaint are admitted.

34.

For answer to paragraph 34 of Plaintiff's Complaint, these Defendants admit that should Defendant Edwards be found negligent, which negligence is specifically denied by these Defendants, then Defendant Davis Express would be liable under the doctrine of respondeat superior. The remaining allegations of paragraph 34 of Plaintiff's Complaint are denied.

35.

The allegations of paragraph 35 of Plaintiff's Complaint are denied.

36.

The allegations of paragraph 36 of Plaintiff's Complaint are denied.

37.

The allegations of paragraph 37 of Plaintiff's Complaint are denied.

38.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 37 as if fully set forth herein.

39.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of Plaintiff's Complaint, but demand strict proof thereof.

40.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiff's Complaint, but demand strict proof thereof.

41.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of Plaintiff's Complaint, but demand strict proof thereof.

42.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of Plaintiff's Complaint, but demand strict proof thereof.

43.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of Plaintiff's Complaint, but demand strict proof thereof.

44.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of Plaintiff's Complaint, but demand strict proof thereof.

45.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 44 as if fully set forth herein.

46.

The allegations of paragraph 46 of Plaintiff's Complaint are denied.

47.

For answer to paragraph 47 of Plaintiff's Complaint, these Defendants admit that Davis Express maintains an insurance policy with Defendant Sparta, but the remaining allegations of paragraph 47 of Plaintiff's Complaint are denied.

48.

The allegations of paragraph 48 of Plaintiff's Complaint are denied.

49.

The allegations of paragraph 49 of Plaintiff's Complaint are denied.

50.

The allegations of paragraph 50 of Plaintiff's Complaint are denied.

51.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 50 as if fully set forth herein.

52.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of Plaintiff's Complaint, but demand strict proof thereof.

53.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of Plaintiff's Complaint, but demand strict proof thereof.

54.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of Plaintiff's Complaint, but demand strict proof thereof.

55.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of Plaintiff's Complaint, but demand strict proof thereof.

56.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of Plaintiff's Complaint, but demand strict proof thereof.

57.

These Defendants incorporate, reassert and reallege its responses to paragraphs 1 through 56 as if fully set forth herein.

58.

The allegations of paragraph 58 of Plaintiff's Complaint are denied.

59.

The allegations of paragraph 59 of Plaintiff's Complaint are denied.

## FOURTH DEFENSE

Any allegation in Plaintiff's Complaint not specifically responded to above is hereby denied.

WHEREFORE, having fully answered all allegations of Plaintiff's Complaint, these Defendants pray that they be dismissed and that all costs be cast against the Plaintiff.

MCMICKLE, KUREY & BRANCH, LLP

BY: _____
RAYMOND J. KUREY
Georgia Bar No. 430472
For the Firm
Attorney for Defendants Davis Express, Inc., Doughloss Edwards and Sparta Insurance Company

200 S. Main Street
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: RJK@mkblawfirm.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **ANSWER OF DEFENDANTS DAVIS EXPRESS, INC., DOUGHLOSS EDWARDS AND SPARTA INSURANCE COMPANY** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

Joseph Aaron Fried, Esq.
Fried Rogers Goldberg, LLC
Two Alliance Center
3560 Lenox Road, N. E.
Suite 1250
Atlanta, GA 30326

Donald Phillip Edwards, Esq.
The Law Office of Donald P. Edwards
170 Mitchell Street, S. W.
Atlanta, GA 30303-3424
**Attorneys for Plaintiff**

Mark A. Barber, Esq.
Michael W. Horst, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Monarch Place, Suite 1600
3414 Peachtree Road, N. E.
Atlanta, Georgia 30326
**Attorneys for Defendants Dixieland Logistics, Inc.,
Amos Jackson, Jr., and Great West Casualty Co.**

This 27th day of July, 2012.

_____
RAYMOND J. KUREY
For the Firm

605-11145