IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

STATE COURT OF DEKALB COUNTY, GA. 2012 JUL 24 AM 10: 38 BY: DEPUTY CLERK

| | | |
|---|---|---|
| JURIAN WASHINGTON, Individually and as Administrator of the Estate of JAMES WASHINGTON, JR., deceased,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS EXPRESS, INC., DIXIELAND LOGISTICS, INC., DOUGHLOSS EDWARDS, AMOS JACKSON, JR., SPARTA INSURANCE COMPANY, and GREAT WEST CASUALTY CO.,<br><br>Defendants. | ) | CIVIL ACTION FILE NO. 12-A-42974<br><br>**DEMAND FOR JURY OF TWELVE** |

**ANSWER AND DEFENSES OF DEFENDANT DIXIELAND LOGISTICS, INC.**

COMES NOW Dixieland Logistics, Inc., Defendant in the above captioned matter, and for answer to the Complaint, shows the Court as follows:

**FIRST DEFENSE**

This Defendant denies Defendants Dixieland Logistics, Inc., Amos Jackson, Jr., and Great West Casualty Co. were negligent in any manner whatsoever or that any negligent act or omission on these Defendants' part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

**SECOND DEFENSE**

Plaintiff's alleged damages were caused by Plaintiff's decedent's own contributory/comparative negligence and failure to exercise ordinary care.



## THIRD DEFENSE

Plaintiff's decedent did not exercise ordinary care for his own safety, and by the exercise of ordinary care, he could have avoided injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendants Dixieland Logistics, Inc., Amos Jackson, Jr., and Great West Casualty Co.

## FOURTH DEFENSE

Plaintiff's alleged damages are due to the alleged negligence of parties or nonparties over which this Defendant had no control.

## FIFTH DEFENSE

Defendant Jackson was confronted with a sudden emergency, not caused by him, which offered him a choice of conduct without time for thought and, therefore, any negligence on the part of Defendant Jackson, which negligence is denied, is due to Defendant Jackson's lack of time to assess the situation rather than lack of due care.

## SIXTH DEFENSE

The negligent acts and omissions Plaintiff alleges Defendants Dixieland Logistics, Inc., Amos Jackson, Jr., and Great West Casualty Co. committed are not the proximate cause of some or all of Plaintiff's damages.

## SEVENTH DEFENSE

Defendant Great West is not a proper party pursuant to Georgia's Direct Action Statute.

## ANSWER TO THE COMPLAINT

Having raised affirmative defenses, and without waiving these defenses, this Defendant hereby responds to the specific allegations contained in the Complaint as follows:

1.

For response to Paragraph 1 of the Complaint, this Defendant admits this matter is an action arising out of the death of James Washington following a June 25, 2010 motor vehicle accident. This Defendant further admits that at the time of the June 25, 2010 accident, Defendant Jackson was operating the tractor-trailer within the scope of his employment with Defendant Dixieland. Finally, this Defendant admits Defendant Great West issued a policy of liability insurance which provides coverage according to its terms. This Defendant denies any remaining allegations asserted in this paragraph.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, cannot admit or deny same.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, cannot admit or deny same.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, cannot admit or deny same.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, cannot admit or deny same.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, cannot admit or deny same.

7.

For response to Paragraph 7 of the Complaint, this Defendant admits that Defendant Dixieland is a company organized and existing under the laws of the State of Alabama, that its principal place of business is in Decatur, Alabama, that it was operating as a for-hire motor carrier at the time of the accident, that it may be served with the Summons and Complaint by serving its registered agent, Robert Hall, who is located at 1506 14th Ave. SW, Decatur, Alabama 35601, and that Defendant Dixieland is subject to this Court's jurisdiction. Any remaining allegations in this paragraph are denied.

8.

For response to Paragraph 8 of the Complaint, this Defendant admits that Defendant Jackson is a resident of Alabama, that at the time of the June 25, 2010 accident Defendant Jackson was operating the tractor-trailer within the scope of his employment with Defendant Dixieland, that Defendant Jackson may be served with the Summons and Complaint by personally serving him at his residence, which is located at 2220 Cansler Avenue, Gadsden,

Alabama 35904, and that Defendant Jackson is subject to this Court's jurisdiction. Any remaining allegations in this paragraph are denied.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, cannot admit or deny same.

10.

This Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.

For response to Paragraph 11 of the Complaint, this Defendant admits that on Friday, June 25, 2010 at approximately 3:50pm, James Washington was driving a 1995 Cadillac Deville on I-285 east in Dekalb County, Georgia. For the remaining allegations, this Defendant is without knowledge or information sufficient to form a belief as to their truth and, therefore, cannot admit or deny same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, cannot admit or deny same.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, cannot admit or deny same.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, cannot admit or deny same.

15.

For response to Paragraph 15 of the Complaint, this Defendant admits that Larry Westmoreland, a Dekalb County Police Officer, responded to the scene following the accident between Plaintiff's decedent and Defendant Edwards. This Defendant further admits that Officer Westmoreland positioned his police cruiser in the right travel lane of I-285 behind Plaintiff's decedent's 1995 Cadillac Deville and that there was an impact between the front of Defendant Jackson's tractor and the rear of Officer Westmoreland's police cruiser. Finally, this Defendant admits there was contact between Officer Westmoreland's police cruiser and Plaintiff's decedent's 1995 Cadillac Deville. Any remaining allegations in this paragraph are denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, cannot admit or deny same.

17.

For response to Paragraph 17 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-16 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

18.

For response to Paragraph 18 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

19.

For response to Paragraph 19 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

20.

For response to Paragraph 20 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

21.

For response to Paragraph 21 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

22.

For response to Paragraph 22 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this

Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

23.

For response to Paragraph 23 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

24.

For response to Paragraph 24 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-23 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

25.

For response to Paragraph 25 of the Complaint, this Defendant admits that Defendant Jackson was the driver of a commercial motor vehicle and that he had a duty to comply with the law. Any allegation which states, suggests, or implies Defendant Jackson did not comply with the law is denied.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

For response to Paragraph 31 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-30 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

32.

For response to Paragraph 32 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

33.

For response to Paragraph 33 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

34.

For response to Paragraph 34 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

35.

For response to Paragraph 35 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

36.

For response to Paragraph 36 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

37.

For response to Paragraph 37 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

38.

For response to Paragraph 38 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-37 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

39.

For response to Paragraph 39 of the Complaint, this Defendant admits that at the time of the accident referenced in the Complaint, Defendant Jackson was an employee of Defendant

Dixieland and that he was operating the tractor-trailer within the scope of his employment with Defendant Dixieland, but any remaining allegations asserted in this paragraph are denied.

40.

For response to Paragraph 40 of the Complaint, this Defendant admits that at the time of the accident referenced in the Complaint, Defendant Jackson was an employee of Defendant Dixieland and that he was operating the tractor-trailer within the scope of his employment with Defendant Dixieland, but any remaining allegations asserted in this paragraph are denied.

41.

For response to Paragraph 41 of the Complaint, this Defendant admits that at the time of the accident referenced in the Complaint, Defendant Jackson was an employee of Defendant Dixieland, that he was operating the tractor-trailer within the scope of his employment with Defendant Dixieland, and that the Doctrine of *Respondeat Superior* applies, but any remaining allegations asserted in this paragraph are denied.

42.

This Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

For response to Paragraph 45 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-44 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

46.

For response to Paragraph 46 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

47.

For response to Paragraph 47 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

48.

For response to Paragraph 48 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

49.

For response to Paragraph 49 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

50.

For response to Paragraph 50 of the Complaint, this Defendant provides this paragraph does not include any allegations directed at this Defendant and, therefore, no response from this

Defendant is required. To the extent this paragraph is construed to include allegations against this Defendant, they are denied.

51.

For response to Paragraph 51 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-50 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

52.

This Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

For response to Paragraph 53 of the Complaint, this Defendant admits that Defendant Great West issued a policy of liability insurance which provides coverage according to its terms, but this Defendant denies any remaining allegations in this paragraph.

54.

This Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

This Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

For response to Paragraph 56 of the Complaint, this Defendant admits that Defendant Great West issued a policy of liability insurance which provides coverage according to its terms, but this Defendant denies any remaining allegations in this paragraph.

57.

For response to Paragraph 57 of the Complaint, this Defendant expressly incorporates all responses and defenses asserted in Paragraphs 1-56 of this Answer as though said responses and defenses were expressly set forth herein verbatim.

58.

This Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.

Any allegation of the Complaint not admitted or otherwise responded to above, including those in the prayer for relief/*ad damnum* clause, is hereby denied.

WHEREFORE, having fully answered, this Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

[*Signature line on following page*]

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

MARK A. BARBER
Georgia State Bar No. 036875
MICHAEL W. HORST
Georgia State Bar No. 367837
*Attorneys for Defendants Dixieland Logistics, Inc., Amos Jackson, Jr., and Great West Casualty Co.*

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501

**CERTIFICATE OF SERVICE**

I do hereby certify that on July 23, 2012 I served a copy of the foregoing document by depositing a copy of same in the U.S. Mail with adequate postage thereon addressed as follows:

Joseph A. Fried, Esq.
Fried Rogers Goldberg LLC
3560 Lenox Road, N.E.
Suite 1250
Atlanta, GA 30326

Donald P. Edwards, Esq.
Law Office of Donald P. Edwards
170 Mitchell Street, SW
Atlanta GA, 30303

Raymond J. Kurey, Esq.
McMickle Kurey & Branch LLP
200 South Main Street
Alpharetta, GA 30009

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

MICHAEL W. HORST
Georgia State Bar No. 367837