IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JURIAN WASHINGTON, Individually and as Administrator of the Estate of James Washington, Jr., Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS EXPRESS, INC., DIXIELAND LOGISTICS, INC., DOUGHLOSS EDWARDS, AMOS JACKSON, JR., SPARTA INSURANCE COMPANY and GREAT WEST CASUALTY CO.,<br><br>    Defendants. | Civil Action File No.<br>1:12-CV-2631-AT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

**This is a personal injury and wrongful death claim arising from two back-to-back collisions which occurred on June 25, 2010, on Interstate 285 in DeKalb County, Georgia.**

Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On the early morning of June 25, 2010, James Washington, Jr. was driving east on Interstate 285 in DeKalb County, Georgia. Plaintiff contends that while Mr. Washington was trying to get to the emergency lane, his vehicle was struck by a tractor-trailer operated by Defendant Doughloss Edwards, an employee of Defendant Davis Express, Inc.**

**DeKalb County Police Officer Larry N. Westmoreland responded to the scene. Before Officer Westmoreland could emerge from his vehicle, his patrol car was struck by a tractor-trailer operated by Defendant Amos Jackson, Jr., an employee of Dixieland Logistics, Inc. The impact pushed Officer Westmoreland's patrol car into the driver's side of Mr. Washington's Cadillac.**

**Mr. Washington sustained serious injuries as a result of one or both of the collisions. He passed away on July 4, 2011, 374 days after the collisions.**

(b) The legal issues to be tried are as follows:

**Negligence, causation and damages.**

(d) The cases listed below (include both style and action number) are:

    (i) Pending Related Cases:

        **None, to the parties' knowledge.**

    (ii) Previously Adjudicated Related Cases:

        **None, to the parties' knowledge.**

**2.** This case is complex because it possesses one (1) or more of the features listed below (please check):

The parties do not believe this case is complex, as defined below.

    \_\_\_\_\_ (1)    Unusually large number of parties
    \_\_\_\_\_ (2)    Unusually large number of claims or defenses
    \_\_\_\_\_ (3)    Factual issues are exceptionally complex
    \_\_\_\_\_ (4)    Greater than normal volume of evidence
    __X__ (5)    Extended discovery period is needed
    \_\_\_\_\_ (6)    Problems locating or preserving evidence
    \_\_\_\_\_ (7)    Pending parallel investigations or action by government
    __X__ (8)    Multiple use of experts
    \_\_\_\_\_ (9)    Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)    Existence of highly technical issues and proof
    \_\_\_\_\_ (11)    Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiff:**    **Joseph A. Fried**
                    **Richard P. Hamilton**
                    **Fried Rogers Goldberg LLC**

    **Defendant:**  **Raymond J. Kurey**
                      **McMickle Kurey & Branch LLP**

                    **Attorney for Defendants Doughloss Edwards, Davis Express, Inc. and Sparta Insurance Company**

                    **Mark A. Barber**
                    **Michael W. Horst**
                    **Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**

**Attorneys for Defendants Dixieland Logistics, Inc., Amos Jackson, Jr. and Great West Casualty Company**

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_Yes     **X** No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: **None.**

(b)     The following persons are improperly joined as parties: **Defendants Sparta Insurance Company and Great West Casualty Company maintain they are not properly joined as parties.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None anticipated at this time, although the parties reserve the right to seek leave to amend the pleadings, as may be necessary and as discovery progresses.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*:  before the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery unless otherwise permitted by Court order. LR 56.1(D)

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties have no objection.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint (**August 29, 2012**). As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**This case involved back-to-back collisions with multiple parties. Discovery will be necessary as to negligence, causation and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties respectfully request this Court place this case on an eight month discovery track ("c" above) due to the number of parties involved in the case, the need for multiple out-of-state depositions and multiple experts.**

**11.   Discovery Limitation:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None at this time.**

(b)   Is any party seeking discovery of electronically stored information?

_____ Yes          **X**     No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Not applicable.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Not applicable.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 20, 2012, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:       Lead counsel (signature): */s/ Joseph A. Fried*
                                        **Joseph A. Fried**

For Defendants:   Lead counsel (signature): */s/ Raymond J. Kurey*
**Raymond J. Kurey**

*/s/ Michael W. Horst*
**Michael W. Horst**

Other participants:   **None.**

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__**X**__) **A possibility of settlement after discovery.**

(_____) A possibility of settlement, but a conference with judge is needed.

(_____) No possibility of settlement.

(c)   Counsel (__**X**__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is not yet known.

(d)   The following specific problems have created a hindrance to settlement of this case:

**Discovery on all issues is needed before serious settlement discussions can be initiated.**

10

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20__.

(b)  The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this court.

Dated on August 29, 2012.

| | |
|---|---|
| */s/ Joseph A. Fried* | */s/ Donald P. Edwards* |
| Joseph A. Fried | DONALD P. EDWARDS |
| Georgia State Bar Number 277251 | GEORGIA STATE BAR NUMBER 192259 |
| Richard P. Hamilton | |
| Georgia State Bar Number 321274 | THE LAW OFFICE OF |
| | DONALD P. EDWARDS |
| FRIED ROGERS GOLDBERG LLC | 170 MITCHELL STREET, S.W. |
| 3560 LENOX ROAD, N.E. | ATLANTA, GEORGIA 30303-3441 |
| SUITE 1250 | TELEPHONE: 404-526-8866 |
| ATLANTA, GEORGIA 30326-4275 | FACSIMILE:  404-526-8855 |
| TELEPHONE: 404-591-1800 | dedwards@altlaw.com |
| FACSIMILE:  404-591-1801 | |
| joe@frg-law.com | *Attorney for Plaintiff* |
| rich@frg-law.com | |

*Attorneys for Plaintiff*

| | |
|---|---|
| */s/ Mark A. Barber* | */s/ Raymond J. Kurey* |
| MARK A. BARBER | RAYMOND J. KUREY |
| GEORGIA BAR NUMBER 036875 | GEORGIA BAR NUMBER 430472 |
| MICHAEL W. HORST | |
| GEORGIA BAR NUMBER 367837 | MCMICKLE KUREY & BRANCH LLP |
| | 200 SOUTH MAIN STREET |
| BAKER, DONELSON, BEARMAN, | ALPHARETTA, GEORGIA 30009-1914 |
| CALDWELL & BERKOWITZ, PC | TELEPHONE: 678-824-7800 |
| 3414 PEACHTREE ROAD, N.E. | FACSIMILE:  678-824-7801 |
| MONARCH PLAZA, SUITE 1600 | rjk@mkblawfirm.com |
| ATLANTA, GEORGIA 30326-1164 | |
| TELEPHONE: 404-577-6000 | *Attorney for Defendants Doughloss* |
| FACSIMILE:  404-221-6501 | *Edwards, Davis Express, Inc. and* |
| mbarber@bakerdonelson.com | *Sparta Insurance Company* |
| mhorst@bakerdonelson.com | |

*Attorneys for Defendants Dixieland Logistics, Inc., Amos Jackson, Jr. and Great West Casualty Company*

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14 point.

                                        **FRIED ROGERS GOLDBERG LLC**

                                        */s/ Joseph A. Fried*
                                        JOSEPH A. FRIED
                                        GEORGIA STATE BAR NUMBER 277251

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the within and foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

RAYMOND J. KUREY, ESQUIRE
rjk@mkblawfirm.com

*(Counsel for Defendants Davis Express, Inc., Doughloss Edwards and Sparta Insurance Company)*

MARK A. BARBER, ESQUIRE
mbarber@bakerdonelson.com
MICHAEL W. HORST, ESQUIRE
mhorst@bakerdonelson.com

*(Counsel for Defendants Dixieland Logistics, Inc., Amos Jackson, Jr. and Great West Casualty Company)*

Dated on August 29, 2012.

**FRIED ROGERS GOLDBERG LLC**

/s/ *Joseph A. Fried*
JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
joe@frg-law.com
RICHARD P. HAMILTON
GEORGIA STATE BAR NUMBER 321274
rich@frg-law.com

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326-4275
TELEPHONE:   404-591-1800
FACSIMILE:    404-591-1801

* * * * * * * * * * * *

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**The parties will have eight (8) months to complete discovery.**

IT IS SO ORDERED, this _____ day of _____, 2012.

_____
The Honorable Amy Totenberg
United States District Judge